**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |  |
|---|---|---|
| MATTHEW REISER, individually, and on behalf of all others similarly situated, | ) ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:26-cv-21328-JB |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation, and FEDEX LOGISTICS, INC., a New York corporation, | ) ) ) ) ) ) | |
| *Defendants*. | ) ) ) | |

**DEFENDANTS' MOTION TO TRANSFER VENUE AND
INCORPORATED MEMORANDUM OF LAW**

COME NOW, Defendants Federal Express Corporation ("FedEx") and FedEx Logistics, Inc. ("FXL"), by and through undersigned counsel, pursuant to the "first-to-file" rule and 28 U.S.C. § 1404(a), and hereby respectfully request this Court to transfer this action to the United States District Court for the Western District of Tennessee, a more convenient forum and where an earlier-filed case asserting similar claims is pending.

**INTRODUCTION**

Plaintiff Mathew Reiser alleges he was a FedEx customer whom FedEx billed for tariffs imposed by the President pursuant to the International Emergency Economic Powers Act ("IEEPA tariffs"), as well as ancillary broker and clearance fees associated with the IEEPA tariffs. The U.S. Supreme Court subsequently ruled that these IEEPA tariffs were unlawful. Plaintiff, on behalf of

1

himself and similarly-situated FedEx customers, asserts causes of action against FedEx and FXL for declaratory action, unjust enrichment, and money had and received.

One week before Plaintiff initiated this case, similar claims were filed against FedEx Corporation in the Western District of Tennessee, *Anastopoulo v. FedEx Corporation*, No. 2:26-cv-02181 (W.D.Tenn., filed Feb. 20, 2026).[1]  Under the first-to-file rule, when competing lawsuits involving similar parties and issues are pending in separate courts, the forum in which the first-filed action is pending should hear the case.  On this basis alone, this motion should be granted. Additionally, including these actions, there are 12 similar putative class actions that were originally filed in four different district courts.[2]  Of those actions, nine are pending in the Western District of Tennessee, including four that courts, including the Southern District of Florida, recently transferred after granting FedEx's consent motions to transfer.[3]  FedEx's consent motion to transfer venue to the Western District of Tennessee is currently pending in one other action.  Moreover,

---

[1] Plaintiff in the *Anastopoulo* matter has named FedEx Corporation as Defendant.  FedEx Corporation is not the proper legal entity as it is the holding company of Federal Express Corporation and FedEx Logistics, Inc.  Both subsidiaries have their principal place of business in Memphis, Tennessee.

[2] (1) *Anastopoulo v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02181 (filed 2/20/2026); (2) *Reiser v. Federal Express Corp. and FedEx Logistics, Inc.,* Southern District of Florida, Case No. 1:26-cv-21328-JB (filed 2/27/2026); (3) *Anastopoulo v. FedEx Corp.,* District of South Carolina, Case No. 2:26-cv-00753 (filed 2/20/2026); (4) *Anastopoulo v. FedEx Corp.,* District of Delaware, Case No. 1:26-cv-00236-UNA (filed 3/5/2026); (5) *Cycle Limited, LLC and Nicholas R. Metcalf v. Federal Express Corp. and FedEx Logistics, Inc.,* Southern District of Florida, Case No. 9:26-cv-80232 (filed 3/5/2026); (6) *Deburro v. Federal Express Corp. and FedEx Logistics, Inc.,* Western District of Tennessee, Case No. 2:26-cv-02240 (filed 3/6/2026); and (7) *Rosado v. FedEx Corp.,* Southern District of New York, Case No. 1:26-cv-01861 (filed 3/6/2026); (8) *Ross v. FedEx Corp.*, Southern District of New York, Case No. 1:26-cv-02227 (filed 3/18/2026); (9) *Gloria Avalos v. FedEx Corp.*. Western District of Tennessee, Case 2:26-cv-02289 (filed 3/18/2026); (10) *Jared Tran v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02291 (filed 3/18/2026); and (11) *Oyekanmi Falode v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02291 (filed 3/18/2026).

[3] *Anastopoulo v. FedEx Corp.,* District of South Carolina, Case No. 2:26-cv-00753, DE 7; *Anastopoulo v. FedEx Corp.,* District of Delaware, Case No. 1:26-cv-00236-UNA, DE 11; *Cycle Limited, LLC and Nicholas R. Metcalf v. Federal Express Corp. and FedEx Logistics, Inc.,* Southern District of Florida, Case No. 9:26-cv-80232, DE 12; *Rosado v. FedEx Corp.,* Southern District of New York, Case No. 1:26-cv-01861, DE 19.

this case could have been brought in the Western District of Tennessee.  Plaintiff agrees.  In his motion for consolidation and transfer under 28 U.S.C. §1407, Plaintiff concedes that the Western District of Tennessee is the convenient and appropriate forum for consolidated proceedings.

FedEx is a for-profit corporation formed in Delaware and with its principal address and corporate headquarters in Memphis, Tennessee.[4] FXL, the FedEx subsidiary which acted as customs broker for Plaintiff's transaction at issue in this action as well as the transactions of other FedEx shipping customers, is a for-profit corporation formed in New York also with its principal address and corporate headquarters in Memphis, Tennessee.[5]  Finally, FedEx witnesses with knowledge of Plaintiff's shipping transactions, the transactions of other FedEx shipping customers, and FedEx and FXL's respective shipping and customs brokerage services are located in Memphis, Tennessee.[6]

The Court should GRANT this motion based on the first-to-file rule and the factors of §1404(a), including the convenience of the parties and witnesses and the transfer being in the interest of justice and transfer this case to the Western District of Tennessee.[7]

---

[4] *See* "Entity Detail" for Federal Express Corporation from the Tennessee Secretary of State Business Entity Search Website (last visited April 1, 2026), attached hereto as **Exhibit A**.

[5] *See* "Entity Information" for FedEx Logistics, Inc. from the New York Department of State Division of Corporations (last visited April 1, 2026), attached hereto as **Exhibit B**; *see also* Declaration of Susan Marok, ¶ 4, attached as **Exhibit C**.

[6] *See* Declaration of Susan Marok, ¶¶ 2, 6, 7; Declaration of Mike Lytle, ¶¶ 2, 6, 7 (attached as **Exhibit D**); and Declaration of Clint Young, ¶¶ 2, 9, 10 (attached as **Exhibit E**).

[7] To the extent any class member's cause of action arises out of or relates to their or the shippers use of fedex.com, the fedex.com terms of use require that any such claim "be brought in a court of competent jurisdiction within Shelby County, Tennessee." *See* https://www.fedex.com/en-us/terms-of-use.html#14n

## LAW AND ARGUMENT

**A.  The court should transfer this action to the Western District of Tennessee under the first-to-file rule.**

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa*., 713 F.3d 71, 78 (11th Cir. 2013).  "The Eleventh Circuit follows the first-to-file rule, and '[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit.'"  *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1298-99 (S.D. Fla. 2013) (quoting *Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 (11th Cir. 2005)).  The first-to-file rule was developed because "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." *In re Checking Account Overdraft Litig*., 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012).

Applying the first-to-file rule requires evaluation of three factors: 1) the chronology of the two actions; 2) the similarity of the parties; and 3) the similarity of the issues.  *See Women's Choice Pharms., LLC v. Rook Pharms., Inc*., No. 16-cv-62074, 2016 U.S. Dist. LEXIS 154820, at *5 (S.D. Fla. Nov. 7, 2016).  If the court finds that the first-to-file rule applies, the objecting party has the burden of proving that "compelling circumstances" warrant a departure from the rule.  *Women's Choice Pharms., LLC*, at *5 (citations omitted).

Regarding the first factor, there is no dispute as to the chronology of the filings.  Plaintiff filed this matter seven days after the *Anastopolou* matter was initiated in the Western District of Tennessee.  As to the second and third factors, the parties and the purported class in this matter are substantially similar to those in the first-filed *Anastopolou* matter in the Western District of

Tennessee.  FedEx Corporation, the named Defendant in the *Anastopolou* matter, is the holding company for FedEx and FXL.  Moreover, Anastopolou asserts similar causes of action (i.e. breach of contract and unjust enrichment) based on the same conduct (i.e. FedEx's collection of IEEPA tariffs for its shipping services).  Moreover, in his Motion for Consolidation and Transfer Under §1407, Plaintiff asserts that the class actions filed against the various FedEx defendants involve similar parties and "common questions of fact." *In re: FedEx Tariffs and Related Fees Litigation*, D.E. #1 at 6.  According to Plaintiff, "[t]he Complaints in these cases clearly present common questions of fact. Each [c]omplaint is based on allegations that FedEx collected tariffs and related fees from the underlying purchasers of items and that such tariffs have now been held unlawful and thus such amounts should be refunded."  *Id.*

Because the first-to-file rule dictates that the same claims involving the same issues be tried in the same court and allowing two similar actions to proceed in two different courts would defeat the purpose of the rule, the instant action should be transferred to the Western District of Tennessee.

### B. The Court should transfer this action to the Western District of Tennessee pursuant to 28 U.S.C. §1404(a).

Alternatively, this Court should transfer this matter to the Western District of Tennessee pursuant to § 1404(a), which states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The purpose of such a transfer is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Further, §1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of

convenience and fairness," which requires the court to "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

To determine whether transfer is appropriate, courts employ a two-step process. *See Osgood v. Disc Auto Parts, LLC*, 981 F.Supp.2d 1259, 1263 (S.D. Fla. 2013). First, the Court determines whether the case could have been brought in the forum to which the transfer is sought. *Osgood,* 981 F.Supp.2d at 1263. Second, the Court assesses whether convenience and the interest of justice require transfer to the requested forum. *Id*. "In analyzing this second prong, the Court applies several factors:

> the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

*Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1275 (S.D. Fla. 2011).

### i.      This matter could have been brought in the Western District of Tennessee.

The first inquiry under Section 1404(a) requires the court to determine whether this case could have been brought in the forum to which the transfer is sought. Plaintiff concedes this factor. Indeed, his Motion for Consolidation and Transfer requests that all related actions, as well as any subsequently filed actions should be transferred to the Western District of Tennessee. *See In re: FedEx Tariffs and Related Fees Litigation*, MDL No. 3184 (filed Mar. 10, 2026), D.E. #1.

Further, the Western District of Tennessee has personal jurisdiction over both FedEx and FXL, as both companies have their principal place of business in Memphis, Tennessee, and a vast majority of their respective operations are performed in Memphis. *See* Exhibits C-E. Based on Plaintiff's allegations, the District Court for the Western District of Tennessee also has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), as this is a putative class action in which the

amount in controversy exceeds $5,000,000, and at least one member of the proposed class is a citizen of a state different from FedEx and FXL. *See* D.E. 1 at ¶ 11. Finally, venue is likewise proper there because Memphis is within the Western District of Tennessee. *See* 28 U.S.C. §1391(b) (providing a civil action may be brought in "a judicial district in which any defendant resides").

ii. **Convenience of the witnesses and parties and relative ease of access to sources of proof favors transfer.**

This Court has found that the convenience of both the party and non-party witnesses is the most important factor in determining whether a request for transfer should be granted. *Osgood* at 1264. This factor weighs in favor of transferring this matter to the Western District of Tennessee.

*First*, Plaintiff—who seeks to consolidate this matter with other lawsuits filed against FedEx, FXL, or their holding company—agrees that the Western District of Tennessee is the "convenient" and "appropriate forum." *See In re: FedEx Tariffs and Related Fees Litigation*, MDL No. 3184 (filed Mar. 10, 2026), D.E. #1 at 9.

*Second*, Memphis is the principal place of business for both FedEx and FXL, and both entities operate key components of their business operations there. The Declarations of Susan Marok, Mike Lytle, and Clint Young, attached as Exhibits C-E, describe the relationship between FedEx and its third-party customs broker, FXL. The declarations further identify specific employees of both FedEx and FXL, who the companies anticipate calling as witnesses. These witnesses would testify to FedEx's customs brokerage operations, tariff collection practices, billing procedures, shipping service pricing structure, and other topics related to the shipping transactions at issue. All of these employees are located in the Western District of Tennessee, and requiring them to travel to Florida for depositions and trial would impose unnecessary burdens when the case could instead proceed where they work. On the other hand, Plaintiff is the only anticipated witness located in the Southern District of Florida.

7

These convenience factors weigh in favor of transfer.

### iii.        Plaintiff's choice of forum should not be given significant weight.

Although generally a Plaintiff's choice of forum is given weight when determining whether transfer is appropriate under §1404(a), a plaintiff's choice of forum is given even less weight when an individual, such as the Plaintiff in this matter, purports to represent a class. *Credit Bureau Servs., Inc. v. Experian Info. Sols., Inc*., No. 12-61360-CIV-ROSENBAUM/SELTZER, 2012 U.S. Dist. LEXIS 174487 at *23 (S.D. Fla. Dec. 7, 2012) ("[A] plaintiff's choice of forum receives less deference where, as here, the case is brought as a class action, and the putative class members are residents of numerous, different states."); *see also Moghaddam v. Dunkin Donuts, Inc*., 2002 U.S. Dist LEXIS 14952, at *2-3 (S.D. Fla. Aug. 13, 2002).  Additionally, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Hight v. United States Dep't of Homeland Sec*., 391 F. Supp. 3d 1178, 1185 (S.D. Fla. 2019) (citation omitted).

Plaintiff's proposed class "consists of millions of individuals who imported duty-free goods into the United States through FedEx during the class period and were charged IEEPA duties and ancillary brokerage fees by FedEx." D.E. #1 at ¶ 49.  Although Plaintiff purportedly resides in Florida, he does not point to a single other potential class member from the proposed class of "millions" that also resides in Florida.  Considering this, Plaintiff's choice of venue with this Court should be given little deference, if any.

The only nexus of this matter to this district is that the Plaintiff claims to reside in Miami. As alleged, Plaintiff takes exception to FedEx's collection of IEEPA duties and associated fees. While Plaintiff's imported item—a pair of tennis sneakers from Germany—was ultimately delivered in Florida, the operative facts underlying the processes and collection of IEEPA tariffs

and associated fees are centralized in Memphis, Tennessee.  Additionally, Plaintiff has also not articulated any greater interest that Florida may have in this litigation than Tennessee nor does he cite any Florida specific authority in his Complaint.   For these reasons, Plaintiff's choice of forum should be entitled to less consideration.

### iv.      Transfer would serve the interests of justice.

Transferring this matter to the Western District of Tennessee would serve the interests of justice because other similar matters against FedEx are currently pending there.  *Supra* at n. 2.  In evaluating the interests of justice, the Court should consider how transfer would "conserve time, energy and money." *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla 2007); *see also Chicken Kitchen USA, LLC v. Tyson Foods, Inc.*, No. 17-21503-CIV, 2017 U.S. Dist. LEXIS 177475, at *7 (S.D. Fla. Oct. 4, 2017) ("Courts consider many things relevant to 'the interest of justice.' One frequently mentioned is the desire to avoid multiplicity of litigation resulting from a single transaction or event.") (citation omitted).

Transferring this matter to the Western District of Tennessee will undoubtedly conserve time, energy, and money, by avoiding having multiple cases based on a similar nexus of facts tried in different districts.  *See Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F.Supp.2d 1292, 1305 (S.D. Fla. 2002) (finding transfer from the Southern District of Florida to the Western District of Missouri was warranted because related litigation involving defendant's corporate parents was pending in transferee district and resolution of the cases involved the same evidence, would avoid duplicative litigation, and would be more efficient).

Considerations of judicial economy strongly favor the Western District of Tennessee as the appropriate forum for this matter.

**v.      The other factors are neutral.**

Factors five, the availability of process to compel the attendance of unwilling witnesses, and six, the relative means of the parties, do not favor one venue over the other.

## CONCLUSION

For the foregoing reasons, FedEx and FXL respectfully request this Court to enter an order transferring this case to the United States District Court for the Western District of Tennessee in Memphis.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B) of the U.S. District Court for the Southern District of Florida, the undersigned hereby certifies that counsel for FedEx, including the undersigned and colleagues, made reasonable efforts to confer with counsel for Plaintiff as to the relief sought in this motion. Counsel for FedEx emailed counsel for Plaintiff on March 26, 2026 at 9:36 a.m., March 30, 2026 at 2:15 p.m., and March 31, 2026 at 9:36 a.m., and has been unable to ascertain Plaintiff's position as to the relief sought herein.

Dated: April 1, 2026

Respectfully  submitted,

  /s/ Shelby R. Walton
Shelby R. Walton (FBN 1002662)
FEDERAL EXPRESS CORPORATION
3620 Hack Cross Rd., Bldg. B
Memphis, TN 38125
Telephone:    (412) 215-2687
Fax:              (901) 468-2555
shelby.walton@fedex.com

*Counsel for Defendants Federal Express Corporation and FedEx Logistics, Inc.*

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 1, 2026, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

 /s/ Shelby R. Walton
Shelby R. Walton

**SERVICE LIST**

John A. Yanchunis
JYanchunis@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street 7th Floor
Tampa, Florida 33602
T: (813) 223-5505
F: (813) 223-5402

Patrick Barthle
Pbarthle@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street 7th Floor
Tampa, Florida 33602
T: (813) 223-5505
F: (813) 223-5402

Clay M. Townsend, Esq.
Florida Bar No. 363375
**MORGAN & MORGAN, P.A.**
20 N Orange Ave, Suite 1600
Orlando, FL 32801
P: (407) 418-2075
F: (407) 245-3346
ctownsend@forthepeople.com

11